**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00788-RM-MEH

**VINCENT GONZALES**

    Plaintiff,

v.

**ADAMS COUNTY SHERIFF'S DEPARTMENT[1], a municipality
DEPUTY BRANDON NEEL, in his individual capacity,**

    Defendants.

_____

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

Defendants, the Adams County Sheriff's Office and Deputy Brandon Neel, by and through their attorney, Kerri A. Booth, Assistant County Attorney, Adams County Attorney's Office, hereby move for summary judgment pursuant to Fed.R.Civ.P. 56 and submit the following in support thereof:

**I.     INTRODUCTION**

On April 3, 2020, around 10:30 p.m. Adams County deputies arrived at 641 Marigold Drive in unincorporated Adams County in response to an active domestic violence situation. Deputies were called to the residence after the victim, Misty Martinez, reported that she had been strangled by her former boyfriend after the two had been inside the residence drinking. Ms. Martinez further reported that her one year old daughter was still inside the residence. Deputy

---

[1] The Adams County Sheriff's Office is incorrectly identified in the caption as the Adams County Sheriff's Department.

1

Neel, a brand new patrol deputy, along with his Field Training Officer (FTO) arrived on scene after other deputies had already responded. Upon arrival, Deputy Neel spoke with the apparent victim, heard her tell him that she had been strangled by an occupant of the residence, and observed marks on the victim's neck.

Deputy Neel was told to go to a patrol vehicle located in the front of the residence and make announcements over that vehicle's PA system. He was told to tell the occupants of the residence to come out. Deputy Neel complied and proceeded to make said announcements. Despite these announcements over the loud speaker, no one exited the residence. SWAT was dispatched to the scene and arrived; a SWAT negotiator took over the announcements and Deputy Neel moved to a perimeter position at the scene. After working with the SWAT negotiator, Plaintiff and his son exited the house. Plaintiff's son exited first and Plaintiff, holding the baby, his granddaughter, exited second. Plaintiff alleges that he was taken to the ground, that he was hit in the face while on the ground being handcuffed, and that he was then taken and placed in the back of a patrol car. Plaintiff admits, however, that it was not Deputy Neel who took Plaintiff to the ground, it was not Deputy Neel who allegedly hit him, and it was not Deputy Neel who placed him in handcuffs. Deputy Neel was told to write Plaintiff a summons, which he did, and then Deputy Neel left the scene.

Plaintiff has filed the instant lawsuit alleging the his constitutional rights were violated. Namely, Plaintiff alleges that Deputy Neel is liable for excessive force (claim one), unlawful arrest (claim two), and malicious prosecution (claim three). Plaintiff further alleges that the Adams County Sheriff's Office is liable under *Monell* (claim four). Defendants assert that Plaintiff has failed to prove his claims and that they are entitled to judgment as a matter of law.

## II.     STATEMENT OF UNDISPUTED MATERIAL FACTS

*See* attached Movants' Statement of Undisputed Material Facts ("MSUMF") filed herewith.

## III.     STANDARD OF REVIEW

### A.     Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adamson v. Multi Community Diversified Servs., Inc*., 514 F.3d 1136, 1145 (10th Cir. 2008). A fact is material if it could affect the outcome of the suit under the law. *Id*. Where the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden by showing a lack of evidence for an essential element of a claim. *Id*. Neither unsupported conclusory allegations nor a mere scintilla of evidence are sufficient to create a genuine dispute of fact. *See Mackenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).

### B.     Qualified Immunity for Section 1983 Claims

The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also White v. Pauly,* 137 S.Ct. 548 (2017) (holding that qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known). A government employee is protected by qualified immunity if "a reasonable [employee] could have believed [his actions] lawful, in light of clearly established law and the information the officers

3

possessed." *Wilson v. Layne*, 526 U.S. 603, 615 (1999). "'Clearly established' for purposes of qualified immunity means that 'the contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right.'" *Id.* at 614-15 (internal brackets omitted). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

### IV.   ARGUMENT

#### A.   Deputy Neel is entitled to Qualified Immunity

Plaintiff's Complaint purports to bring three constitutional violation claims against Deputy Neel. As noted above, Plaintiff alleges that excessive force was used against him, that he was subjected to an unlawful arrest/seizure, and that he was subject of a malicious prosecution all at the hands of Deputy Neel. However, the undisputed material facts in this case fail to meet each violation's respective requirements and as a result, Deputy Neel is not liable for any constitutional violations. Further, even if Deputy Neel had committed a constitutional violation against Plaintiff (which the Defendants dispute), Plaintiff has not shown that said violation(s) were clearly established at the time of the alleged occurrence. As a result, Deputy Neel is entitled to qualified immunity and judgment as a matter of law on claims one through three.

   1.   No Constitutional Violations

   *a. Excessive Force (Claim One)*

Determining whether a use of force qualifies as excessive force that would lead to a violation of a constitutional right "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989). In performing this balancing test, the court looks at the facts and circumstances of each particular case, taking into account (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.*

In this case, the facts are clear. Deputy Neel did not use any force against Plaintiff. Deputy Neel was not the individual who allegedly took Plaintiff to the ground after he exited the house. Deputy Neel was not the individual who allegedly punched Plaintiff in the face while he was on the ground. Deputy Neel's only interaction with Plaintiff was when Deputy Neel wrote the Summons and issued it to Plaintiff. Plaintiff admits that Deputy Neel was not the individual who took him to the ground or who hit him. MSUMF 17. The facts are not in dispute on this point, Deputy Neel simply cannot be liable for excessive force in violation of the Fourth Amendment because Deputy Neel did not use any force against Plaintiff at any point during their interaction. MSUMF 10-12, 14, 17.

Deputy Neel did not use any force against Plaintiff, let alone force that could be considered excessive. Since the facts on this point are clear, Deputy Neel is entitled to judgment as a matter of law on this claim.

      *b. Unlawful Arrest/Seizure (Claim Two) and Malicious Prosecution (Claim Three)*

When a warrantless arrest or seizure is the subject of a § 1983 action, the defendant is

entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to arrest or detain the plaintiff. *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007). In order to prevail on a malicious prosecution claim, Plaintiff must demonstrate the following: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007) (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1291-97 (10th Cir. 2004)).

Therefore, in this case both the unlawful arrest and malicious prosecution claims turn on the issue of probable cause.[2] *Taylor v. Meacham*, 82 F.3d 1556, 1560-62 (10th Cir. 1996) (noting that when a malicious prosecution claim is brought under § 1983, the "ultimate question" is whether the plaintiff has shown that a Fourth Amendment violation occurred). As such, the analysis for both an unlawful arrest/seizure claim and a malicious prosecution claim both turn on the same question: whether Deputy Neel had probable cause to detain Plaintiff and give him a Summons for violation of C.R.S. § 18-9-119(2). Courts resolve this question by asking whether there was "arguable probable cause" for an arrest — if there was, a defendant is entitled to qualified immunity. *Cortez v. McCauley*, 478 F.3d 1108, 1121 (10th Cir. 2007).

Under the facts present in this case, Deputy Neel had "arguable probable cause" for the

---

[2] With respect to the Malicious Prosecution claim, while the majority of the analysis contained in this Motion relate to the existence of probable cause, the Defendants also point out that the record contains no evidence that Deputy Neel acted with malice. The record is also devoid of any fact tending to show that Plaintiff suffered any damage as a result of his being issue a Summons. While when taken in the light most favorable to Plaintiff and for purposes of this motion only, the record may show that Plaintiff suffered some abrasions during his handcuffing those alleged injuries are not damages as a result of the malicious prosecution claim/being issue a Summons for failing to leave a property upon request.

purpose of *Cortez,* 478 F.3d at 1121. Deputy Neel was directed to issue Plaintiff a Summons for violating C.R.S.18-9-119(2) which states:

> "Any person who barricades or refuses police entry to any premises or property through use of or threatened use of force and who knowingly refuses or fails to leave any premises or property upon being requested to do so by a peace officer who has probable cause to believe a crime is occurring and that such person constitutes a danger to himself or others commits a class 3 misdemeanor."

Deputy Neel had probable cause, based on the facts known to him at the time that he wrote the Summons, to believe that Plaintiff had violated this criminal statute. When Deputy Neel arrived on scene at Plaintiff's residence he learned that there was an active domestic violence situation with a victim who was alleging that she was strangled by one of the occupants of the residence. MSUMF 1, 5, 6. Deputy Neel knew that the alleged perpetrator of the domestic violence was inside the residence and that despite being commanded to do so, would not come out of the residence. Deputy Neel knew that he had personally made announcements for the occupants of the residence to vacate the house via a patrol vehicle's PA system. MSUMF 6,7. The situation was also escalated because Deputy Neel learned that there was a baby inside the house with the suspected domestic violence perpetrator and that despite the request to come out of the house, the occupants seemingly refused to come out. MSUMF 8.

Additionally, as noted above, Deputy Neel was not the individual who actually took Plaintiff into custody. He was not the deputy who handcuffed Plaintiff; he had a very limited role in the incident in general. MSUMF 10 – 12. Based upon the information that was known to Deputy Neel at the time, it was reasonable for him to believe (or for any other reasonable officer present on scene that night) that Plaintiff had committed a crime. As such, Deputy Neel had probable cause to issue the Summons and to the extent that Deputy Neel can be viewed as an

arresting officer (which Defendants dispute) Deputy Neel had probable cause to at least detain Plaintiff after he exited the house. Therefore, Deputy Neel cannot be said to have violated Plaintiff's constitutional rights and is entitled to judgment as a matter of law on claims two and three.

        2.      <u>Plaintiff cannot show the law in these areas was Clearly Established</u>

In determining whether a right is clearly established, a plaintiff must point to Supreme Court or Tenth Circuit precedent (or the clear weight of other circuit courts) that recognizes an actionable constitutional violation in the circumstances presented. *See Schwartz v. Booker*, 702 F.3d 573, 587-88 (10th Cir. 2012). Thus, it is Plaintiff's burden to identify a case where an official acting under sufficiently similar circumstances was held to have violated a claimant's rights. *See White v. Pauley*, 137 S.Ct. 548, 552 (2017). "The dispositive question is whether the violative nature of the *particular conduct* is clearly established." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (emphasis in original). To satisfy this element, "existing precedent must have placed the statutory or constitutional question beyond debate." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015); *see also Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

Plaintiff will be unable to provide a single Tenth Circuit or Supreme Court case where an individual employed by a law enforcement agency was held liable for the types of constitutional claims at issue here and under circumstances sufficiently similar to those present here. Likewise, Plaintiff will be unable demonstrate that the weight of other authority clearly establishes such violations. For this reason as well, Deputy Neel is entitled to qualified immunity.

### B.       Plaintiff has failed to develop facts sufficient to support a finding of municipal liability.

Here, Plaintiff cannot establish liability against the Adams County Sheriff's Office because he cannot prove that the conduct of the Sheriff's Office caused his alleged injuries. In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), the Supreme Court determined that a municipality can be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the constitutional violation at issue. "It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (U.S. 1989) (internal citations omitted), citing *Monell*, 436 U.S. at 694. There must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

"[A] plaintiff must 'identify a specific deficiency' that was obvious and 'closely related' to his injury so that it might fairly be said that the official policy or custom was both deliberately indifferent to his constitutional rights and the moving force behind his injury[.]" *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). In this case, Plaintiff generally alleges that the Adams County Sheriff's Office trains its deputies that the "Fourth Amendment does not exist" and further alleges that deputies are instructed to disregard the Constitution and the rights and freedoms it provides. See Compl. ¶¶31-33. In order to support these unfounded conclusions,

Plaintiff's Complaint provides a listing of alleged constitutional violation conducted by Adams County Sheriff's deputies. Compl. ¶ 34.  Importantly, Deputy Neel testified as to the training he received and continues to receive as part of his employment as an Adams County Sheriff's Deputy.  That training includes topics covering the Fourth Amendment.  MSUMF 18. Defendants note, however, that this listing of "violations" is insufficient to support Plaintiff's argument that the entity, the Adams County Sheriff's Office, is liable for having unconstitutional customs or practices.  Specifically, this listing of "cases" does not support the conclusion that the Adams County Sheriff's Office has a history of constitutional violations.  See Compl. ¶ 35.  The situations posed may have resulted in settlement, but there is no indication that there was any finding of wrongdoing in any of these factual scenarios.  Plaintiff has not provided this Court with a list of cases where courts or juries have found the agency or its deputies liable for constitutional violations.  The list is only that, a list of claims that various individuals have brought against the agency and/or its deputies over the years.  Whether or not any settlements were reached or monies were paid to those claimants is irrelevant here.  As the Court is aware, there are many considerations in deciding to settle versus litigate a case.  Payment of a settlement does not equate to a factual finding of wrongdoing or to an admission of wrongdoing.

Further, to the extent Plaintiff's Complaint makes an attempt to demonstrate municipal liability on a failure to train theory (by virtue of its alleged "active participation in entrenching and perpetuating a culture of lawlessness and violence within its ranks"), the Defendants argue that Plaintiff has not identified any factual support for a deficiency that gives credibility or support to those allegations.  As noted above, the evidence present in this case seems to prove the opposite when Deputy Neel testified about his past and ongoing training.  MSUMF 18.

"[T]here are limited circumstances in which an allegation of a 'failure to train' can be the basis for [municipal] liability under § 1983." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 773 (10th Cir. 2013) (quoting *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.* at 61.

Here, Plaintiff offers no factual support or reason for how, and importantly why, the "culture of violence and lawlessness" caused Plaintiff's injuries. Plaintiff has failed to show that Deputy Neel committed any constitutional violation against him, let along how his alleged injuries were in some way caused by the Sheriff's Office. Plaintiff has failed to present any evidence supporting his claim that the Adams County Sheriff's Office had a deficient training program and that the Adams County Sheriff's Office had any knowledge of these deficiencies. Plaintiff likewise fails to show that there was some sort of policy or official custom or practice of advising deputies use excessive force when coming into contact with the public or in training deputies to use excessive force when coming into contact with the public. As such, these allegations are insufficient to state a Section 1983 claim against the Adams County Sheriff's Office.

"Because [plaintiff] has not alleged facts bringing the individual violation to a broader municipal custom, no genuine issue of material fact sits in dispute because none has been raised on this claim." *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1319(10th Cir. 2002). Since there is no municipal liability in this case, the claim against the Adams County Sheriff's Office fails and judgment as a matter of law is proper.

## V. CONCLUSION

For the foregoing reasons, these Defendants request that all claims against them be dismissed with prejudice as there are no genuine issues of material fact and all of the claims presented by Plaintiff fail as a matter of law.

DATED: February 25, 2022            Respectfully submitted,

*s/Kerri A. Booth*
Kerri A. Booth
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone: (720) 523-6116
Fax: (720) 523-6114
kbooth@adcogov.org
*Counsel  for Defendants*
*Adams County Sheriff's Office and*
*Deputy Brandon Neel*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Kerri A. Booth*
Kerri A. Booth
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone: (720) 523-6116
Fax: (720) 523-6114
kbooth@adcogov.org
*Counsel  for Defendants*
*Adams County Sheriff's Office and*
*Deputy Brandon Neel*
