IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:21-cv-00788-RM-MEH

VINCENT GONZALES,

      Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, a municipality, and
DEPUTY BRANDON NEEL, in his individual capacity,

      Defendants.

---

## PRETRIAL ORDER

---

## 1. DATE AND APPEARANCES

The pretrial conference took place on April 14, 2022, at 11:15 a.m. in Courtroom E-501

before U.S. Magistrate Judge Michael E. Hegarty. The following counsel attended:

    S. Birk Baumgartner
    Sean M. Simeson
    Baumgartner Law, LLC
    300 E. Hampden Ave., Ste. 401
    Englewood, CO 80113
    Phone: (303) 529-3476
    *Counsel for Plaintiff*

    Kerri A. Booth
    Adams County Attorney's Office
    4430 S. Adams County Pkwy., Ste. C5000B
    Brighton, CO 80601
    Phone: (720) 523-6116
    *Counsel for Defendants*

## 2.  JURISDICTION

Plaintiff believes that based on the claims presented and occurrence of events alleged that jurisdiction is proper under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Plaintiff believes that venue is proper under 28 U.S.C. § 1391(b) because the subject incident took place in Adams County, Colorado.

## 3.  CLAIMS AND DEFENSES

**Plaintiff:**

Plaintiff Vincent Gonzales alleges that he was falsely arrested and assaulted by defendant Brandon Neel and other Adams County Sheriff's deputies. Specifically, plaintiff was holding his granddaughter and watching his son get arrested when, without warning or any orders from law enforcement officers, his granddaughter was ripped from his arms, and he was punched and kicked by defendant Neel and other deputies.  Plaintiff was subsequently arrested for a barricading charge which was dismissed by Adams County prosecutors. At no point did plaintiff try to resist arrest or any lawful commands from law enforcement because he was never told to do anything.  The attack on plaintiff was unprovoked and when he asked, "why did you hit me?" the response was something to the effect of "because you're a punk."

The unprovoked attack and failure to even document his injuries or the use of force used was caused in part by the Adams County Sheriff's Office and its embracing of an unlawful culture. Specifically, the Adams County Sheriff's Department knows its deputies will use excessive and unlawful force on citizens to demonstrate their dominance and power. Furthermore, deputies will cover up excessive and unlawful force through bogus police reports, weak investigations into uses of force and/or fail to even mention a use of force occurs.

As a result of the defendant's actions the plaintiff suffered physical injuries such as cuts and abrasions to his head, cheek, and leg.  None of the injuries required hospitalization.

**Defendants:**

Defendants deny that they engaged in any wrongful actions involving Plaintiff and further deny that they violated Plaintiff's constitutional rights.  Specifically, Defendants deny that Defendant Neel was present for, participated in, or witnessed any excessive force used against Plaintiff.  As such, Defendants assert that Defendant Neel cannot be held liable for any allegations of excessive force.  Defendants deny that Defendant Neel effectuated the arrest of Plaintiff and also deny that Defendant Neel is liable for the alleged malicious prosecution of Plaintiff.  Defendants also deny that Defendant Adams County Sheriff's Office is liable under *Monell* as Plaintiff cannot demonstrate the existence of municipal liability under the facts of this case.

Defendants have asserted the following affirmative defenses: 1) Plaintiff's claims do not rise to the level of constitutional violations necessary to state a claim upon which relief can be granted against Defendants; 2) Plaintiff's losses and damages may be the result of acts or omissions by third parties over whom these Defendants had no control; 3) to the extent that any of the claims in the Complaint are against the Defendants in their personal or individual capacity, they are entitled to the defense of qualified immunity; 4) Plaintiff's rights under the United States Constitution were not violated, and Plaintiff was afforded all rights, privileges and immunities granted by the United States Constitution; 5) the conduct of Defendants at all relevant times was lawful, justified, and/or made in good faith; and 6) Plaintiff assumed the risk of his alleged injuries.

## 4. STIPULATIONS

1.      Defendant Brandon Neel is employed as a deputy by Defendant Adams County Sheriff

Department.

2.      Defendant Neel was acting within the course and scope of his employment and under the

color of state law at the time of the events involved in this case.

## 5. PENDING MOTIONS

1.      Defendants' Motion for Summary Judgment [ECF 20] was filed on February 25, 2022.

Plaintiff's Response to Motion for Summary Judgment [ECF 23] was filed on March 18, 2022.

Defendants' Reply in Support of Motion for Summary Judgment will be filed on April 8, 2022.

## 6. WITNESSES

a.      Nonexpert witnesses to be called by each party:

Plaintiff:

1.  Vincent P. Gonzales
    c/o Baumgartner Law, LLC
    300 E. Hampden Ave., Ste. 401
    Englewood, CO 80113
    (720) 626-9418

Plaintiff Vincent P. Gonzales will testify with respect to all matters alleged in his

Complaint, all matters alleged in the Answer, and all other issues in this case.

2.  Brandon Neel
    c/o Adams County Attorney's Office
    4430 S. Adams County Pkwy., Ste. C5000B
    Brighton, CO 80601
    Phone: (720) 523-6116

Defendant Brandon Neel will testify with respect to all matters alleged in the Complaint,

all matters alleged in the Answer, and all other issues in this case.

3. Deputy Ryan Shannon

c/o Adams County Attorney's Office
4430 S. Adams County Pkwy., Ste. C5000B
Brighton, CO 80601
Phone: (720) 523-6116

Deputy Ryan Shannon will testify with respect to all matters alleged in the Complaint, all matters alleged in the Answer, and all other issues in this case.

4. Vicente Gonzles
   641 Marigold Dr
   Adams County, CO 80221

Vincent Gonzales will testify with respect to all matters alleged in his Complaint, all matters alleged in the Answer, and all other issues in this case.

5. Misty Martinez
   13263 Clermont Cir.
   Thornton, CO 80241
   (720) 838-9325

Ms. Martinez will testify with respect to all matters alleged in his Complaint, all matters alleged in the Answer, and all other issues in this case.

6. Deputy Brendon Ferdinandsen
   c/o Adams County Attorney's Office
   4430 S. Adams County Pkwy., Ste. C5000B
   Brighton, CO 80601
   Phone: (720) 523-6116

Deputy Ferdinandsen will testify with respect to all matters alleged in the Complaint, all matters alleged in the Answer, and all other issues in this case.

7. Deputy Luis Hernandez
   c/o Adams County Attorney's Office
   4430 S. Adams County Pkwy., Ste. C5000B
   Brighton, CO 80601
   Phone: (720) 523-6116

Defendant Brandon Neel will testify with respect to all matters alleged in the Complaint, all matters alleged in the Answer, and all other issues in this case.

Defendant:

See attached exhibit A.

b.     Expert witnesses to be called by each party:

Plaintiff:

1.  None.

Defendant:

1.  None.

## 7. EXHIBITS

1.  Plaintiff:

| No. | Description | Stip. | Admit | Object |
|-----|-------------|-------|-------|--------|
| 1. | Photographs of Mr. Gonzales's injuries (GONZALES 000001 – GONZALES 000006) | | | |
| 2. | Discovery for Case No. C0012020M001393, The People of the State of Colorado vs. Vincent Paul Gonzales (GONZALES 000007 – GONZALES 000249) | | | |
| 3. | ACSO Incident Report (AC 000001 – 000025) | | | |
| 4. | Incident Detail Report _Redacted (AC 000123 – 000173) | | | |
| 5. | SWAT After Action Report (AC 000120) | | | |
| 3. | Any and all documents identified or produced in response to discovery in this action | | | |

| 4. | Any document used as an exhibit to any deposition taken in this action | | | |
|----|----|----|----|----|
| 5. | Any charts, diagrams, photographs, compilations or demonstrative aids | | | |
| 6. | Any exhibit listed by Defendant | | | |
| 7. | Any exhibit necessary for impeachment, rebuttal and/or foundation | | | |
| 8. | Any reports of any of Defendants' experts, including any exhibits or attachments, as well as any documents or tangible items referenced therein, and any documents reviewed in creating the reports | | | |

    2.  Defendant:

        See attached Exhibit B.

b.      Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

    Discovery has been completed.

    Unless otherwise ordered, upon a showing of good cause in an appropriate motion, there will be no discovery after entry of the final pretrial order.

## 9.  SPECIAL ISSUES

    None.

## 10.  SETTLEMENT

a.      Counsel for the parties and any *pro se* party met by telephone on _____ to discuss in good faith the settlement of the case.

b.      The participants in the settlement conference, included _____.

c.      The parties were promptly informed of all offers of settlement.

d.      Counsel for the parties and any *pro se* party *(do) (do not)* intend to hold future settlement conferences.

e.      It appears from the discussion by all counsel and any *pro se* party that there is:

   *Some possibility of settlement.*

f.      Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;

## FURTHER TRIAL PREPARATION PROCEEDINGS

1.      Trial is to a jury.

2.      The parties anticipate the length of trial to be four days.

3.      Trial will proceed at the Alfred A. Arraj United States Courthouse, 901 19th St., Denver,

CO 80294.

DATED this 14th day of April, 2022.

BY THE COURT

 S/Michael E. Hegarty
_____

Michael E. Hegarty
United States Magistrate Judge

APPROVED:

**BAUMGARTNER LAW, LLC**                    **Adams County Attorney's Office**

 *s/ Sean M. Simeson*                               *s/Kerri A. Booth*
S. Birk Baumgartner                              Kerri A. Booth
Sean M. Simeson                                  Assistant County Attorney
Baumgartner Law, LLC                             Adams County Attorney's Office
300 E. Hampden Ave., Ste. 401                    4430 S. Adams County Pkwy, #C5000B
Englewood, CO 80113                              Brighton, CO  80601
Phone: (303) 529-3476                            Phone:  (720) 523-6116
Fax: (720) 634-1018                              Fax:  (720) 523-6114
birk@baumgartnerlaw.com                          kbooth@adcogov.org
sean@baumgartnerlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**JUDGE RAYMOND P. MOORE**


Case No.  1:21-CV-788-RM-MEH               Date: April 7, 2022

Case Title: Vincent Gonzales v. Adams County Sheriff's Office, a municipality; Deputy Brandon Neel, in his individual capacity.

DEFENDANTS' WITNESS LIST


WILL CALL WITNESSES:                    ESTIMATED DATE(S) AND
                                        LENGTH OF TESTIMONY


Deputy Brandon Neel _____          _____


MAY CALL WITNESSES:                     ESTIMATED DATE(S) AND
                                        LENGTH OF TESTIMONY

Misty Martinez _____              _____

Alexander Kondos _____            _____

Ryan Shannon _____              _____

Mason Bird _____              _____

Skylar Vonfeldt _____           _____

Louis Hernandez _____           _____

Lonn Trail _____              _____


_____              _____

_____              _____


EXHIBIT A

CASE CAPTION: Vincent Gonzales v. Adams County Sheriff's Department; Deputy Brandon Neel

CASE NO.: 1:21-cv-788-RM-MEH

EXHIBIT LIST OF: Adams County Sheriff's Department; Deputy Brandon Neel, Defendants
(Name and Party Designation)

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| A | | ASCO Incident/Investigation Report – AC 000001-000025 | | | | | |
| B | | ASCO SWAT After Action Report – AC 000120 | | | | | |
| C | | ADCom Incident Detail Report – AC 000121-000173 | | | | | |
| D | | 911 Call – AC 000174 | | | | | |
| E | | Interview of Misty Martinez | | | | | |
| F | | Photographs – AC 00084-00105; AC 000113-000117 | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

EXHIBIT B