**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-00788-RM-MEH

VINCENT GONZALES,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE, a municipality, and
BRANDON NEEL, Deputy, in is individual capacity,

    Defendants.

---

**ORDER**

---

This lawsuit brought under 42 U.S.C. § 1983 is before the Court on Defendants' Motion for Summary Judgment (ECF No. 20), requesting that all the claims against them be dismissed with prejudice. The Motion has been fully briefed. (ECF Nos. 23, 28.) For the reasons below, the Motion is granted.

**I.    LEGAL STANDARDS**

    **A.    Summary Judgment**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "if the nonmovant bears the burden of persuasion on a claim at trial, summary

judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B.   Qualified Immunity

Qualified immunity shields individual defendants named in § 1983 actions from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Gutteridge*, 878 F.3d at 1238; *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).  "Once the qualified immunity defense is asserted, the plaintiff bears a heavy two-part burden to show, first, the defendant's actions violated a constitutional or statutory right, and, second, that the right was clearly established at the time of the conduct at issue." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (quotation omitted).  "If, and only if, the plaintiff meets this two-part test does a defendant then bear the burden of the movant for summary judgment—showing that there are no genuine issues of material fact that he or she is entitled to judgment as a matter of law." *Gutteridge*, 878 F.3d at 1238 (quotation omitted).

### C. Municipal Liability

To state a claim for municipal liability, a plaintiff must demonstrate the existence of a municipal policy or custom, a direct causal link between the policy or custom and the injury alleged, and deliberate indifference by the municipality. *Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1283-84 (10th Cir. 2019). "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

## II. BACKGROUND

On April 3, 2020, around 10:30 p.m., Defendant Neel, a deputy on his third day of field training with Defendant Adams County Sheriff's Office, and other law enforcement officers responded to an active domestic violence situation at Plaintiff's home. (ECF No. 29, ¶¶ 1, 3.) Defendant Neel spoke with the female victim, who had marks on her neck and claimed to have been strangled by Plaintiff's son. (*Id.* at ¶ 5.) Plaintiff, who alleges he did not see or hear any acts of domestic violence, was inside the home with his son and eleven-month-old granddaughter. (ECF No. 1, ¶ 10.) Defendant Neel was directed to use a patrol vehicle's PA system to direct the occupants of the residence to come out, which he did until SWAT arrived the SWAT negotiator took over making the announcements. (ECF No. 29, ¶¶ 7, 9.)

Plaintiff and his son and granddaughter did not emerge from the residence until about four hours later. (*Id.* at ¶ 20.) When they did so, Plaintiff alleges his granddaughter was ripped from his arms by an unknown deputy and that he and his son were assaulted by Defendant Neel and unknown other deputies. (ECF No. 1, ¶¶ 20, 23, 24.) The Complaint further alleges Plaintiff

3

was kicked, thrown to the ground, and punched in the head. (*Id.* at ¶ 23.) It also alleges that "to cover up [the deputies'] assault, Defendant Neel falsely arrested Plaintiff under C.R.S. § 18-9-119(2)." (*Id.* at ¶ 25.) Although Defendant Neel admits that he issued Plaintiff a summons as directed, he denies handcuffing and arresting Plaintiff or being actively involved in his arrest. (ECF No. 29, ¶¶ 11, 12, 15, 16.) The charge against Plaintiff was later dismissed. (*Id.* at ¶ 29.)

Plaintiff filed this lawsuit asserting excessive force, wrongful arrest and malicious prosecution claims against Defendant Neel and a municipal liability claim against Defendant Adam's County Sheriff's Office. Defendants contend Defendant Neel is entitled to qualified immunity and that the Complaint fails to state a municipal liability claim.

### III.   ANALYSIS

Defendants first argue there is no evidence of a constitutional violation by Defendant Neel. The Court agrees.

####   A.   **Excessive Force Claim**

In their Statement of Undisputed Material Facts, Defendants assert that "Plaintiff admits that Deputy Neel (i.e. the person who wrote the paperwork) was not the person who took him to the ground or punched him in the head," citing Defendant Neel's deposition testimony. At his deposition, Defendant Neel was questioned as follows: "So you didn't personally gain control and handcuff [Plaintiff]. I just want to make that clear, right?" (ECF No. 20-1 at 13.) He responded: "No. He was brought over to me, I opened the back passenger side door, and he was sat in the patrol car." (*Id.*) As Defendants have pointed out the absence of any *evidence* that Defendant Neel ever used any force against Plaintiff and even adduced some evidence that he did not do so, Plaintiff's burden to survive summary judgment is to show that Defendant Neel did in fact use force against him. Merely alleging that he was assaulted by some deputies and

that Defendant Neel was on the scene and may have been one of them is insufficient to raise a genuine issue. But that is the inferential leap Plaintiff is asking the Court to make. At his deposition, Plaintiff was questioned about the alleged assault as follows: "Do you have any idea who any of the individuals were who had any contact with you at all?" (ECF No. 23-2 at 7.) He responded: "No." (*Id.*) Although he alleges Defendant Neel's involvement throughout the Complaint, he has produced no evidence to support this allegation. The Court finds Plaintiff has failed to adduce any evidence that Defendant Neel used any force against him, so his excessive force claim fails as a matter of law.

### B. Wrongful Arrest and Malicious Prosecution Claims

Plaintiff's next two claims share a common element—Plaintiff must adduce evidence that his arrest and prosecution were not supported by probable cause. "Arguable probable cause exists where a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in light of well-established law." *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 879 (10th Cir. 2014) (quotation omitted).

Plaintiff was charged with violating Colo. Rev. Stat. § 18-9-119(2), which provides as follows:

> Any person who barricades or refuses police entry to any premises or property through use of or threatened use of force and who knowingly refuses or fails to leave any premises or property upon being requested to do so by a peace officer who has probable cause to believe a crime is occurring and that such person constitutes a danger to himself or herself or others commits a class 2 misdemeanor.

Here, it is undisputed that Plaintiff's son was alleged to have strangled the female victim, Plaintiff and his son were refusing police requests that they leave the residence, and they had an eleven-month-old baby inside with them. Defendant Neel was aware of these facts based on his

5

presence at the scene. Plaintiff has not shown that a reasonable officer in such circumstances could not have reasonably believed that he was violating the barricading statute. Accordingly, Plaintiff has failed to adduce evidence of a constitutional violation by Defendant Neel with respect to these two claims as well.

In the absence of any evidence of a constitutional violation by Defendant Neel, he is entitled to qualified immunity on Plaintiff's claims against him.

### C. Municipal Liability Claim

"A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). Under the circumstances presented, Plaintiff's municipality claim is precluded by his failure to establish a constitutional violation by Defendant Neel. *See id.* ("[T]he plaintiffs' failure to train claims, like their basic excessive force claim against the individual officers, requires a predicate showing that the officers did in fact use excessive force.").

### IV. CONCLUSION

Therefore, Defendants' Motion (ECF No. 20) is GRANTED, and the Clerk is directed to CLOSE this case.

DATED this 19th day of September, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge